IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERRIOR HAYDEN and THOMAS PLEASANT, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>FRESH EXPRESS INCORPORATED,<br><br>    Defendant. | No. 1:12-cv-1583<br><br>Judge John Z. Lee |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND DISMISSING CLAIMS WITH PREJUDICE

Plaintiffs Errior Hayden and Thomas Pleasant and Defendant Fresh Express, Inc., d/b/a Fresh Express ("Fresh Express" or "Defendant") have reached a proposed Settlement Agreement resolving all claims in this lawsuit. The Plaintiffs have filed an unopposed motion for final approval of the proposed Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed the Plaintiffs' motion and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows.

1. Pursuant to the Court's September 17, 2012 Order, the Court defines the Settlement Class as follows: "All employees or job applicants who applied to work for or who worked for Fresh Express or Chiquita Brands International, Inc. locations during the time frame of March 5, 2010 to March 15, 2012 and who are identified in the class list attached as Exhibit B to the Parties' Settlement Agreement."

2. The Court finds that Simpluris, Inc. ("Simpluris"), the appointed Settlement Administrator, has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement, including dissemination of the Class Notice and verifying addresses of Class Members whose notices were returned as undeliverable. The Court finds that the direct mail notice program used in this case satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

3. The Court finds that Defendant has met all the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4. The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

5. The Court hereby dismisses this case with prejudice against Defendant. All Class Members herein release and discharge Defendant and the other Released Parties identified in the Parties' Settlement Agreement from claims arising out of the background checking procedures carried out by Fresh Express Incorporated or Chiquita Brands International, Inc. and occurring between March 5, 2010 and March 15, 2012.

6. Without affecting the finality of this order, this Court hereby retains continuing jurisdiction over the implementation of this Settlement Agreement and any award or distribution of the Qualified Settlement Fund ("QSF"), including interest earned thereon.

7. The Court directs payment to Thomas Pleasant and Error Hayden a sum of $250.00 each over and above the amount that they are entitled to by virtue of their

status as Class Members. This payment shall occur no later than fourteen days after entry of this order.

8. The Court directs payment to Class Counsel a total sum of $25,000.00, which amounts to 33% of the common fund created by the Settlement Agreement. The Court finds that this award of attorneys' fees, costs, and expenses fairly represents the market rate of Plaintiffs' attorneys services, had their fee been negotiated with the purported class at the outset of the litigation. This payment shall occur no later than fourteen days after entry of this order.

9. The Court directs payment of $4,000.00 to Simpluris for work performed as Settlement Administrator. This payment shall occur no later than fourteen days after entry of this order.

10. The Court directs Simpluris to issue checks in equal amounts, as provided in the Settlement Agreement, to all Class Members who returned valid and timely claim forms. This payment shall occur no later than fourteen days after entry of this order.

ENTERED:

_____
United States District Court

Dated: January 9, 2013